# EXHIBIT B

Filing # 253467233 E-Filed 07/28/2026 04:36:13 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO:

ORLANDO HEALTH, INC.

Plaintiff,

v.

CURATIVE INSURANCE COMPANY and CURATIVE ADMINISTRATORS, LLC,

Defendants.

_______________________________________/

## COMPLAINT

Plaintiff, Orlando Health, Inc. ("Orlando Health"), sues Defendants, Curative Insurance Company and Curative Administrators, LLC, (collectively, "Curative", and together with Orlando Health, the "Parties"), and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Orlando Health, Inc. is a Florida not-for-profit corporation that operates a network of hospitals and healthcare facilities in Florida, including in Orange County.

2. Curative Insurance Company is a health insurance company that provides health insurance for employer sponsored benefit plans, with its principal place of business in Austin, Texas.

3. Curative Administrators, LLC is a third-party administrator that administers, adjudicates, and/or pays claims for healthcare services furnished to Curative Insurance Company's members, with its principal place of business in Austin, Texas.

4. This is an action for damages that exceed $50,000, exclusive of interest, costs, and attorney's fees. This Court has subject-matter jurisdiction pursuant to section 26.012, Florida Statutes.

5. Venue is proper in Orange County, Florida, pursuant to section 47.011, Florida Statutes, because the cause of action accrued in Orange County and the Covered Services giving rise to this action were rendered at Orlando Health's facilities in Orange County.

6. Orlando Health's damages are not less than $9,298,330.03, with damages continuing to accrue.

7. The case is properly assignable to the Business Court Subdivision in the Circuit Civil Division of this Court, Orange County, as the dispute is of a commercial nature and involves claims for payment on hundreds of individuals' medical bills.

8. All conditions precedent to the maintenance of this action have been performed, satisfied, waived, or otherwise excused.

## BACKGROUND

### *A. The Relationship of the Parties*

9. In or around September 2001, Orlando Health and Coventry Health Care, Inc.–SouthCare PPO ("CHC"), an organization which arranges for the provision of Hospital Services to Covered Individuals enrolled in or covered under certain Benefit Plans, entered into a PPO Hospital Participation Agreement.[1] The Agreement sets forth the terms by which Orlando Health would join a network of health care providers accessible to Benefit Plans that contracted for access to the networks administered by CHC.

10. By Addendum entered in January 2007[2], the Agreement was expanded to include another network—First Health Leased (marketed as First Health Network) (hereinafter the "First Health Network") as a contracted entity under the Agreement. By virtue of the Addendum,

---

[1] Due to the confidential nature of the Agreement, a copy of the Agreement is not attached to the complaint but will be served on Curative with the complaint and summons. The Agreement will be submitted to the Court, as necessary, either under seal or for *in camera* inspection

[2] The Addendum is also confidential and will not be attached to the complaint but will be served on Curative with the complaint and summons. The Addendum will be submitted to the Court, as necessary, either under seal or for *in camera* inspection.

Orlando Health was added as a Participating Provider for Benefit Plans that had access to the First Health Network.

11. Under the Agreement, Orlando Health agreed to render Hospital Services to Covered Individuals in accordance with the terms of the Agreement.

12. Section 2.2.1 of the Agreement authorizes CHC to enter into contracts with Payors on Orlando Health's behalf and to bind those Payors to the Agreement.

13. Up until December 31, 2025, Curative was contracted with the First Health Network and was a Payor as defined by the Agreement.

14. As a Payor that obtained access to the Agreement through its participation in the First Health Network, Curative is bound to the terms and conditions of the Agreement pursuant to Section 2.2.1.

***B. The Agreement's Rates and Payment Terms***

15. Section 3.1 of the Agreement requires "Payors to compensate Hospital for Covered Services rendered to Covered Individuals . . . in accordance with the rates and conditions set forth in [the] Agreement."

16. Attachment 2 to the January 2007 Addendum sets forth the rate of payment for Covered Services to Payors with access to the First Health Network as a discounted percentage of total billed charges ("Network Rate").

17. Section 3.1 of the Agreement further provides that, for claims not paid within forty-five (45) business days of the date of discharge or outpatient date of service, the discount does not apply and the unpaid claim is payable at one hundred percent (100%) of billed charges.

18. While Curative had access to the First Health Network, Curative was contractually bound to pay Orlando Health at the Network Rate, and as to claims not paid within forty-five (45) business days, at one hundred percent (100%) of billed charges.

### *C. Curative's Breach of the Agreement as to In-Network Claims*

19. Orlando Health furnished Covered Services to Covered Individuals pursuant to the terms of the Agreement while Curative had access to the First Health Network.

20. Curative was contractually obligated to reimburse Orlando Health at the Network Rate for these Covered Services.

21. Curative failed to do so. Curative underpaid Orlando Health, relative to the Network Rate, by an amount of not less than $9,298,330.03 for Covered Services rendered while Curative had access to the First Health Network.

22. For a substantial portion of these claims, Curative made no payment whatsoever within forty-five (45) business days. Under Section 3.1 of the Agreement, those claims are payable at one hundred percent (100%) of billed charges. The amount set forth in paragraph 21 reflects the Network Rate even as to unpaid claims and therefore understates the amount to which Orlando Health is contractually entitled.

### *D. Out-of-Network Claims*

23. Curative's access to the First Health Network terminated on December 31, 2025. As such, as of January 1, 2026 Orlando Health was a nonparticipating provider with regard to Curative as defined by section 627.64194(1)(e), Florida Statutes.

24. Orlando Health is required under state and federal law to render emergency medical services and care without regard to the patient's insurance status or ability to pay for treatment.

25. On and after January 1, 2026, Curative's members continued to regularly receive emergency services and care, as that term is defined by sections 641.19(7) and 641.47(8), Florida Statutes ("Emergency Services"), at Orlando Health's emergency departments.

26. Orlando Health submitted claims for emergency services and care provided to Curative's members which set forth Orlando Health's charges for the Emergency Services.

27. Orlando Health's billed charges are the usual and customary charges for similar services in the community where the Emergency Services were rendered.

28. Curative has failed to pay Orlando Health its billed charges which are the usual and customary charges for similar services in the community where the Emergency Services are rendered.

29. Orlando Health informed Curative of underpayments and non-payments, and provided Curative with data identifying these claims. Curative has failed to make the required payments.

**COUNT I — BREACH OF CONTRACT**
**(Orlando Health against Curative)**

30. Orlando Health realleges and incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. Orlando Health and the First Health Network are parties to the Agreement, which is a valid and enforceable contract.

32. Curative is bound to the terms and conditions of the Agreement as a Payor contracted with the First Health Network.

33. Orlando Health furnished Covered Services to Covered Individuals while Curative had access to the First Health Network.

34. Curative was obligated to pay Orlando Health for those Covered Services at the Network Rate and, as to claims not paid within forty-five (45) business days, at one hundred percent (100%) of billed charges under Section 3.1.

35. Curative breached the Agreement by underpaying and failing to pay Orlando Health for Covered Services rendered to Covered Individuals at the rates required by the Agreement.

36. Curative has failed to pay contractually and statutorily required interest on past-due amounts.

37. As a direct and proximate result of Curative's breach of the Agreement, Orlando Health has suffered damages, which continue to accrue.

WHEREFORE, Orlando Health demands judgment in its favor and against Curative for:

a. Compensatory damages;

b. Prejudgment and post-judgment interest as provided by the Agreement and applicable law;

c. Attorney's fees and costs as provided by applicable law; and

d. Such other and further relief as the Court deems just and equitable.

**COUNT II — VIOLATION OF SECTION 627.64194(4), FLORIDA STATUTES**
**(Orlando Health against Curative)**

38. Orlando Health realleges and incorporates Paragraphs 1 through 29 as if fully set forth herein.

39. As of December 31, 2025, Orlando Health is a nonparticipating provider with Curative as defined by section 627.64194, Florida Statutes.

40. Curative's members received Emergency Services from Orlando Health. All such services are covered under Curative's member benefit plans.

41. Pursuant to section 627.64194(4), Florida Statutes, Orlando Health is entitled to reimbursement at the lesser of:

> (a) The provider's charges;
> (b) The usual and customary provider charges for similar services in the community where the services were provided; or
> (c) The charge mutually agreed . . . within 60 days of the submittal of the claim.

§ 641.513(5), Fla. Stat.

42. Curative has improperly denied, or grossly underpaid, the claims by paying an amount lower than the amounts required by sections 627.64194 and 641.513(5), Florida Statutes.

43. Curative has failed to pay legally required interest on past-due amounts.

44. As a direct and proximate result of Curative's violations of section 627.64194(4), Florida Statutes, Orlando Health's has suffered damages, which continue to accrue.

WHEREFORE, Orlando Health demands judgment in its favor and against Curative for:

a. Compensatory damages;

b. Prejudgment and post-judgment interest as provided by applicable law;

c. Attorney's fees and costs as provided by applicable law; and

d. Such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Orlando Health demands a trial by jury on all issues so triable.

Dated this 28th day of July, 2026.

Respectfully submitted,

**WOLFE | PINCAVAGE**
*Attorneys for Orlando Health, Inc.*
7800 SW 57th Avenue, Suite 217
Miami, Florida 33143
Telephone: 786-409-0800

*/s/Anna D. Torres*
Anna D. Torres
Fla. Bar No.: 074837
service-1@wolfepincavage.com
Eric d'Adesky
Fla. Bar No.: 1058019
Eric.dadesky@wolfepincavage.com